IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   14-cv-00437-WYD-CBS

NUWAY ORGANICS, LLC, a Texas Company,

    Plaintiff,

v.

HORIZON ORGANIC DAIRY, LLC, a Colorado corporation,

    Defendant.

**ORDER**

I.    INTRODUCTION AND BACKGROUND

THIS MATTER is before the court on Defendant's Motion for Summary Judgment (ECF No. 19). On January 2, 2015, Plaintiff filed a response in opposition to the motion, and on January 20, 2015, Defendant filed its reply.

This case arises out of a contract dispute between Plaintiff Nuway Organics, LLC ("Nuway") and Defendant Horizon Organic Dairy ("Horizon"). By way of background, Horizon purchases raw organic milk from farmers to make fluid organic milk available for retail sale to consumers. Nuway is a Texas dairy farm. On September 20, 2006, Nuway and Horizon entered into a contract ("2006 Contract") where Horizon agreed to buy Nuway's entire production of raw organic milk. Exhibit C to the 2006 Contract ("2006 Exhibit C") sets forth the prices at which Nuway agreed to sell its milk to Horizon. Specifically, 2006 Exhibit C established a base price for organic milk at $23.00/cwt[1] using a composition of 3.5% butterfat, 3.05% protein, and 5.65% other solids. (ECF No.

---

[1] The price per hundredweight is represented by "cwt".

19, Ex. I).  The 2006 Contract also provided that Horizon may, in its sole discretion, pay market adjustment premiums ("MAP").  MAP are commonly utilized by processors in the dairy industry to adjust the ultimate milk price paid to producers to reflect changes in market conditions.

On January 1, 2008, the parties executed an addendum to the contract that replaced the 2006 Exhibit C with a new, revised Exhibit C ("2008 Exhibit C") and extended the contract through December 31, 2011.  2008 Exhibit C maintained the component pricing scheme from the 2006 Contract.  2008 Exhibit C also maintained the discretionary MAP provision, but specified a price of $1.75/cwt.  2008 Exhibit C also contained a footnote that stated, "[i]f the market should raise its 2008 pricing by $.50, Horizon agrees to match the price.  Additionally Horizon will remain competitive up to a maximum increase of $1.75/cwt during the term of this Agreement."  (ECF No. 19, Ex. J).

Horizon followed the industry standard of pricing and paying for milk based on monthly deliveries.  An advance payment was made to Nuway on or before the 26th of the month, and a final settlement payment was due on or before the 17th of the following month.  Horizon's final payment under the 2006 Contract was made on April 13, 2011, 13 days after Nuway delivered and Horizon accepted the final milk shipment.

Horizon and Organic Valley are the two largest organic milk buyers in the United States. Organic Valley is Horizon's main competitor.  In 2007, when Horizon was inducing Nuway to agree to the 2008 addendum, Horizon was concerned that Organic Valley was attempting to increase its business in the Southwest region and wanted a guarantee that Nuway would continue to provide milk to Horizon beyond 2009.  Horizon

agreed to match Organic Valley's prices if Organic Valley's prices went up by $.50/cwt and to remain competitive by matching Organic Valley's price increases up to $1.75/cwt.

On January 1, 2008, Organic Valley increased its price by $.50/cwt. Horizon matched this increase and requested a retroactive payment of $3,989.75 to Nuway. On March 1, 2008, Organic Valley increased its price by $1.25/cwt. In August 2008, Horizon matched this increase and requested a retroactive payment of $49,737.52 to Nuway. In May 2009 and May 2010, Horizon lowered its pay price in response to Organic Valley lowering its pay price. Horizon made these adjustments by reducing the MAP from $3.05/cwt to $2.50/cwt and then to $1.75/cwt.

Nuway filed its Complaint in this case on February 19, 2014. Nuway alleges state law breach of contract claims based on Horizon's failure to match the market price as set by Organic Valley and pay the prices agreed to in the 2006 Contract. Specifically, Nuway's expert witness determined that Horizon failed to match Organic Valley's price for 11 of the 39 months in the contract period, concluding that Horizon underpaid Nuway a total of $337,363.15.

## II.     STANDARD OF REVIEW

Pursuant to rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "When applying this standard, the court must 'view

the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Id.* (quotation omitted). Summary judgment may be granted only where there is no doubt from the evidence, with all inferences drawn in favor of the nonmoving party, that no genuine issue of material fact remains for trial and that the moving party is entitled to judgment as a matter of law. *Bee v. Greaves*, 744 F.2d 1387 (10th Cir. 1984).

III. <u>ANALYSIS</u>

In its pending motion for summary judgment, Horizon argues that Nuway's claims are barred by the statute of limitations. In response, Nuway contends both that it commenced this action less than three years after the cause of action accrued and that its claim to recover a determinable sum is entitled to the benefit of Colorado's six-year statute of limitations.

Under Colorado law, a claim for breach of contract must be brought within three years after the cause of action accrues. Colo. Rev. Stat. § 13–80–101(1)(a). A contract claim accrues "on the date the breach is discovered or should have been discovered by the exercise of reasonable diligence." Colo. Rev. Stat. § 13–80–108(6). The limitations period on a claim to recover a liquidated debt or "an unliquidated determinable amount of money" is six years. Colo. Rev. Stat. § 13–80–103.5(1)(a).

In a recent opinion, the Colorado Supreme Court held that a "liquidated debt" is one that "may be ascertained either by reference to the agreement, or by simple

-4-

computation using extrinsic evidence if necessary." *Portercare Adventist Health System v. Lego*, 286 P.3d 525, 528 (Colo. 2012) (citing *Rotenberg v. Richards*, 899 P.2d 365, 367 (Colo. App. 1995) ("if the amount of a claim is readily calculable or ascertainable, a debtor's dispute of or defenses against such claim, or any setoff or counterclaim interposed to such claim, does not affect the character and classification of that claim as being liquidated")). In *Portercare*, a hospital sought recovery of unpaid medical bills resulting from an extended hospital stay. *Id.* at 527. The court found that the debt at issue was liquidated because it was subject to simple computation based on an "itemized written breakdown" of fees, each of which had a "specific pre-determined charge for the service provided." *Id.* at 529. In determining that this debt was liquidated, the Colorado Supreme Court rejected the narrow interpretation of "liquidated debt" applied previously by some appellate courts, wherein a debt would only be considered "liquidated" when a written agreement "set[ ] forth an amount owed or a formula for calculating an amount owed." *Id.* at 527. Instead, the *Portercare* court held that the debt was liquidated because "[b]y adding the itemized charges together, one could easily compute the total value of the medical expenses" owed. *Id.* at 529.

In *Farley v. Family Dollar Stores, Inc.*, 12–cv–00325–RBJ–MJW, 2013 WL 500446, at *7–8 (D. Colo. Feb. 11, 2013), District Judge Jackson concluded that an alleged debt for unpaid overtime pursuant to an implied unilateral contract was not liquidated because the parties disputed the proper way of calculating any such overtime pay. Defendants argued that, because there was no agreement regarding the method by which any overtime owed should be calculated, the alleged debt was not liquidated. *Farley*, 2013 WL 500446, at *8.

After thoroughly reviewing Horizon's pending motion and the parties' related submissions, I find numerous, genuine issues of material fact exist in this case. I also find that this case is analogous to *Portercare* in that Horizon's alleged debt may be calculated by the formula set forth in both 2006 Exhibit C and 2008 Exhibit C. In fact, on many occasions, Horizon managed to determine the amount of money it owed Nuway for its purchase of raw milk. Horizon adjusted its payments upward and downward due to the MAP and made monthly payments to Nuway. Thus, at this stage of the litigation, I find genuine issues of material fact exist as to whether the debt is "liquidated" for statute of limitations purposes. Moreover, I find genuine issues of fact exist as to whether Nuway's claim accrued within the three-year statute of limitations and as to whether Nuway suffered actual damages. *See Jackson v. American Family Mut. Ins. Co.*, 258 P.3d 328, 332 (Colo. App. 2011) (holding that the questions of when a claim accrues or whether a claim is barred by the statue of limitations are questions of fact for a jury to resolve). Thus, Horizon's request for summary judgment is denied.

IV.     CONCLUSION

Accordingly, it is

ORDERED that Defendant's Motion for Summary Judgment (ECF No. 19) is **DENIED.**


Dated:  May 5, 2015


BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge
